UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ZYDUS PHARMACY, et al.,<br><br>　　　　　Defendants. | No. 1:21-cv-00343-NONE-JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. Nos. 10, 12) |

　　　　Plaintiff Allen Hammler is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On June 3, 2021, the assigned magistrate judge filed findings and recommendations, recommending that plaintiff's motion to proceed *in forma pauperis* ("IFP") be denied because plaintiff has sufficient funds to pay the filing fee in full.  (Doc. No. 12.)  The magistrate judge provided plaintiff 14 days to file objections to the findings and recommendations.  (*Id.* at 2.)  Plaintiff filed objections on June 21, 2021.  (Doc. No. 13.)

　　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case.  Having carefully reviewed the file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

According to the inmate trust account statement attached to his motion, plaintiff had $1,830.45 in his account as of May 14, 2021, (Doc. No. 10 at 4), approximately two weeks before he filed his motion to proceed *in forma pauperis*. The magistrate judge reasoned that plaintiff did not qualify for IFP status because his account balance is sufficient to pay the $402 filing fee for this action. (Doc. No. 12 at 1); *see also* 28 U.S.C. § 1915(a)(1); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (to qualify for IFP status, the applicant must show that he "cannot because of his poverty 'pay or give security for the costs and still be able to provide' himself and dependents 'with the necessities of life'").

In his objections, plaintiff does not dispute that he has sufficient funds to pay the filing fee. Rather, he argues that he should not be required to pay the fee because the source of his funds is "economic impact payments." (Doc. No. 13 at 2-6.) Plaintiff also states that he needs the funds in order "to feed himself and take care of his household needs." (*Id.* at 3.)

These objections do not undermine the magistrate judge's reasoning. First, plaintiff provides no authority for the proposition that economic stimulus payments cannot be considered in determining whether IFP applicants are able to pay court filing fees. Although plaintiff suggests that certain automatic withdrawals from his account have not applied to these payments, (*see id.* at 5-6), this is a separate matter from whether he is financially capable of paying the filing fee for this case. Plaintiff also attaches to his objections Judicial Council of California Form EJ-155, which lists various provisions of the California Code of Civil Procedure that exempt certain kinds of assets from levy on a judgment. (*See* Doc. No. 13, Exh. D.) But, the filing fee due in this case is not a judgment that the court is levying, so the provisions listed on Form EJ-155 are not applicable.

Second, plaintiff does not explain why he requires these payments to "take care of his . . . needs." (*Id.* at 3.) He is presently incarcerated and so his "basic needs are provided by the State," *Clifton v. Curry*, No. 2:20-cv-02149-JDP, 2020 WL 6526126, at *1 (E.D. Cal. 2020). As the magistrate judge correctly explained, although a party need not be completely destitute to proceed IFP, *Adkins*, 335 U.S. at 339-40, "'the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a

suitor who is financially able . . . to pull his own oar,'" *Anderson v. California*, No. 10 CV 2216 MMA AJB, 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010) (quoting *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984)).

Although the balance in plaintiff's trust fund account is modest, plaintiff is financially able to pay the filing fee.

Accordingly,

1. The findings and recommendations issued on June 3, 2021 (Doc. No. 12) are adopted in full;
2. Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 10) is denied;
3. <u>Within 30 days</u> of the date of service of this order, plaintiff shall pay the $402 filing fee in full; and,
4. Failure to pay the filing fee within the time provided will result in dismissal of this action.

IT IS SO ORDERED.

Dated: **July 20, 2021**                              /s/ Dale A. Drozd
                                                UNITED STATES DISTRICT JUDGE

3