UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>            Plaintiff,<br><br>      v.<br><br>ZYDUS PHARMACY, et al.,<br><br>            Defendants. | No. 1:21-cv-00343-NONE-JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 15) |

Plaintiff Allen Hammler is a state prisoner appearing *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 20, 2021, the court adopted findings and recommendations issued by the assigned magistrate judge (Doc. No. 12), denying plaintiff's motion to proceed *in forma pauperis* (Doc. No. 10) and ordering plaintiff to pay the filing fee within 30 days. (Doc. No. 14.)  As explained by the court, plaintiff had $1,830.45 in his inmate trust account when he filed his motion to proceed *in forma pauperis*. (*Id.* at 2.)  This is more than enough to pay the $402 filing fee for this action.

On August 23, 2021, plaintiff filed a motion for reconsideration of the court's denial of his motion to proceed *in forma pauperis*. (Doc. No. 15.)  Pursuant to the Local Rules, when the court denies a motion, a party seeking reconsideration of the ruling must show "what new or different

facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

In his motion for reconsideration, plaintiff contends that he requires the funds in his inmate trust account to cover his basic food needs and to purchase foodstuffs at the prison canteen. (Doc. No. 15 at 2-3.) The court, however, already addressed this argument in its order denying plaintiff's motion to proceed *in forma pauperis*. (Doc. No. 14 at 2-3.) Plaintiff, therefore, fails to show what different facts or circumstances were not shown in his prior motion or in his objections to the magistrate judge's findings and recommendations.

The court additionally notes that if plaintiff were to pay the filing fee in full, he would still have approximately $1,400 left in his account, which he could continue to use to purchase items at the prison canteen. Thus, plaintiff's contention that he would "starve" if forced to pay the filing fee, (Doc. No. 15 at 3), is patently untrue.

Based on the foregoing, plaintiff's motion for reconsideration (Doc. No. 15) is denied.[1]

IT IS SO ORDERED.

Dated:   **September 17, 2021**

UNITED STATES DISTRICT JUDGE

---

[1] The court notes that plaintiff has brought more than three cases in federal court that were dismissed as frivolous or malicious or for failure to state a claim, *Hammler v. Dignity Health, et al.*, No. 1:20-cv-01778-HBK, 2021 WL 3708680, at *1 n.1 (E.D. Cal. 2021), *Hammler v. Diaz*, No. 1:20-cv-00488-NONE-JLT, 2020 WL 7263073, at *1 (E.D. Cal. 2020), which provides an independent basis for denying his motion to proceed *in forma pauperis*, 28 U.S.C. § 1915(g).